IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:06CV10-03-MU

| | |
|---|---|
| KENNETH EDWARD FRANKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| JAMES DOWNS, RONALD K. PAYNE, ) | |
| ZORO J. GUICE, MARILYN MCDAVIS ) | |
| SORRELLS, ANN MELTON, ) | |
| ANNA JANE CARSON, MIKE HOLLAND) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed May 1, 2006. (Document No. 1. )

Plaintiff's § 1983 Complaint challenges his confinement as illegal. Plaintiff alleges that was "supposed [sic] to have been free in court to begin with because of some charge's [sic] and or charge that had been illegally entered against [him]." (Complaint at 3.)

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law. Plaintiff's Complaint does not state a cognizable cause of action under 42 U.S.C. § 1983. Instead, based on the nature of Plaintiff's Complaint, this Court concludes that Plaintiff is attempting to file a habeas petition collaterally attacking his state court conviction. State prisoners challenging their confinement ordinarily proceed under 28 U.S.C. § 2254.[1] Therefore, this Court will dismiss this action as the Complaint fails to state

---

[1] Cases filed pursuant to § 2254 are subject to a one year limitations period and require exhaustion of state remedies prior to filing in federal court.

claim for relief pursuant to § 1983.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief;

**SO ORDERED**.

Signed: May 2, 2006

Graham C. Mullen
United States District Judge